IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

ARETHA LYNN ANDERSON                                                                    PLAINTIFF

V.                                                                            NO. 3:14CV00275-JMV

COMMISSIONER OF SOCIAL SECURITY                                                        DEFENDANT

## FINAL JUDGMENT

This cause is before the Court on Plaintiff's complaint for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration denying claims for a period of disability and Disability Insurance Benefits and for Supplemental Security Income. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The Court, having reviewed the administrative record, the briefs of the parties, and the applicable law and having heard oral argument, finds as follows, to-wit:

Consistent with the Court's ruling from the bench during oral argument, the Court finds the ALJ's decision is not supported by substantial evidence in the record. First, the ALJ essentially adopted a nonexaminer's (Dr. James Griffin) January 2010 residual functional capacity ("RFC") assessment which assessed the claimant at the medium exertional level despite the fact that at least four medical source statements from examining and treating physicians assessed the claimant's RFC at less than sedentary to light. In view of the early date of Dr. Griffin's assessment, however, it is evident his opinion is based on an incomplete medical record, as he did not have the benefit of a vast amount of medical evidence, including, but not limited to, findings by Dr. Michael Steuer in 2013 of positive bilateral straight leg raising, decreased sensation to the lower left extremity, lumbar spondylosis, cervical and lumbar

radiculopathy, and the claimant's need of a TENS[1] unit for pain management. Likewise, the ALJ's reliance upon the nonexamining state agency physician's January 2010 mental assessment was erroneous in view of the fact that the bulk of the claimant's mental health treatment of record took place between October 2011 and May 2013, and her treating and examining doctors assessed her at a level that essentially precluded employment. On remand, the ALJ shall seek the assistance of medical experts who will review the entirety of the medical evidence with respect to the claimant's mental and physical impairments, respectively, and render opinions about the claimant's RFC as it regards her mental and physical capabilities during the relevant period. The ALJ shall then consider this evidence along with all the evidence of record to determine whether there was any work the claimant was capable of performing during the relevant period. If necessary, the ALJ shall obtain additional vocational expert testimony and conduct any additional proceedings not inconsistent with this order.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that this case is **REMANDED** for further proceedings.

. This, the 29th day of July, 2015.

/s/ Jane M. Virden
U. S. MAGISTRATE JUDGE

---

[1] In his decision the ALJ erroneously stated "the documentary record fails to substantiate the claimant's allegations that she requires a TENS unit." To the contrary, records of the claimant's May and August 2013 visits with Dr. Michael Steuer show the claimant was prescribed a TENS unit for pain management.