**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**ARETHA LYNN ANDERSON**                                          **PLAINTIFF**

**V.**                                              **NO. 3:14CV00275-JMV**

**COMMISSIONER OF SOCIAL SECURITY**                        **DEFENDANT**

## ORDER ON PETITION FOR ATTORNEY'S FEES

Before the court is Plaintiff's petition [24] for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). In these proceedings Plaintiff sought judicial review of the Social Security Commissioner's final decision denying a claim for benefits. By Judgment [20] dated July 29, 2015, this Court remanded this case to the Commissioner for further proceedings. Plaintiff now seeks attorney's fees and costs in the amount of $10,576.11, representing 54.4 hours of Plaintiff's attorney's time at a rate of $190.12 per hour and costs in the amount of $233.58, on the grounds that she was the prevailing party and the Commissioner's position was not "substantially justified."

The Commissioner objects to the fee request on the grounds that 1) the number of claimed attorney hours are unreasonable because they exceed the number expended in the "typical" social security case; 2) Plaintiff has provided no justification for enhancement of the statutory EAJA rate; 3) next-day mailing expenses were unnecessary in view of the availability of electronic filing; and 4) the requested printing costs are not recoverable in *in forma pauperis* cases.

First, the Court is not persuaded by the Commissioner's suggestion that Plaintiff's counsel's hours should be reduced because they exceed the amount spent in the "typical" case.

Instead, the Court acknowledges that the administrative transcript in this case is slightly more voluminous than what the Court sees in the "typical" case. Nevertheless, despite the volume of the record encountered by Plaintiff's counsel here, the case was not particularly complex and presented no novel issues. Accordingly, the Court finds the 12 hours spent on legal research should be reduced to 6 hours, and the 20 hours spent on preparation of Plaintiff's brief (9 substantive pages) and reply (7 substantive pages) should be reduced to 12 hours. Ultimately, the undersigned finds recovery of compensation for 40.4 attorney hours is reasonable in this case.

Second, in *Fowler v. Colvin*, No. 4:14cv39-JMV, 2014 WL 7187086, at *2 (N.D. Miss. Dec. 17, 2014), this Court pointed out that "in view of the obvious fact that the cost-of-living has increased since amendment of the [EAJA] statute in March 1996, an increase in the statutory maximum hourly rate for inflation is appropriate . . . ." Accordingly, the Court in its discretion finds the statutory cap in this case should be increased to $188.24.[1] Plaintiff has not provided any legal authority in support of a higher rate.

Third, because Plaintiff's counsel has provided no explanation for overnight mailing of documents to her client; failed to adequately justify the necessity of overnight mailing to the

---

[1] According to the regional index published by the Bureau of Labor Statistics on its website, the CPI for the South urban region was 152.4 in March 1996 (when the $125 statutory cap was instituted). The average regional CPI figure for the first half of 2015, when counsel performed most of her work on this case was 229.501. This is a significant increase in the cost of living since March 1996 and, therefore, justifies an increase in the hourly rate for attorney's fees. Ultimately, this increase in the EAJA's statutory rate of $125 yields an adjusted hourly rate of $188.24 in this case (229.501 x 125/152.4).

clerk in view of the availability of electronic filing; and has offered no argument or authority in support of an award of photocopying costs,[2] these amounts will not be allowed.[3]

**THEREFORE, IT IS ORDERED**:

That the Commissioner shall promptly pay to Plaintiff $7,661.00 in attorney's fees and expenses for the benefit of counsel for Plaintiff.

This, 6th day of November, 2015.

                                                /s/ Jane M. Virden
                                                U. S. MAGISTRATE JUDGE

---

[2] *See Sandoval v. Apfel,* 86 F. Supp. 2d 601, 611-614 (N.D. Tex. 2000) (finding photocopying costs are not recoverable against the United States in *in forma pauperis* cases pursuant to 28 U.S.C. 1915(f)(1)).

[3] Counsel will be allowed to recover $56.10 in mileage expenses.