**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**ARETHA LYNN ANDERSON**                                                           **PLAINTIFF**

**V.**                                                                           **NO. 3:14CV00275-JMV**

**COMMISSIONER OF SOCIAL SECURITY**                                   **DEFENDANT**

## O R D E R AWARDING ATTORNEY FEES

Aretha Lynn Anderson filed this civil action in December 2014 to appeal the Commissioner's denial of disability benefits. This Court entered a Judgment [20] dated July 29, 2015, that remanded the case to the Social Security Administration (the "Agency") for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). By Order [30] dated November 6, 2015, the Court granted in part and denied in part Plaintiff's motion for an award of fees under the Equal Access to Justice Act ("EAJA") and awarded a total of $7,661.00 in attorney's fees to Plaintiff for the benefit of her counsel.

Now, counsel for Plaintiff returns with the instant Motion for Attorney Fees [31] pursuant to 42 U.S.C. § 406(b). Counsel reports Plaintiff was successful on remand in obtaining an award of benefits and ultimately seeks an estimated $24,401.00 or, in the alternative–according to her Reply Brief [34]–"25% of Claimant's past due benefits and/or the past due benefits of Claimant's dependents, whatever that amount may be as it apparently is a fluid process, with an offset directly to Claimant for EAJC [sic] awards already paid to Counsel." Having reviewed the record of this case and having conducted a telephonic conference with the parties, including a representative of the Social Security Administration, the Court rules as follows:

While fees under the EAJA are statutorily capped, fees under § 406 are limited to reasonableness and may be no more than 25% of past-due benefits. *See* 42 U.S.C. § 406(b)(1). Fees under § 406(b) satisfy a client's obligation to her counsel and, accordingly, are paid out of the plaintiff's social security benefits. *See Orner v. Shalala,* 30 F.3d 1307, 1309 (10th Cir.1994). A contingency fee agreement to pay 25% of any past-due benefits awarded may provide the amount of the Section 406(b) award so long as the amount is reasonable under the facts of the case. *See Gisbrecht v. Barnhart,* 535 U.S. 789, 807-08 (2002).[1] An attorney may obtain fees under both § 406(b) and the EAJA but must refund the lesser fee to the claimant. *Id.* at 796. Additionally, the combined fees under §§ 406(a) (administrative fees) and 406(b) may not exceed 25 percent of past-due benefits. *Dawson v. Finch*, 425 F.2d 1192, 1195 (5th Cir. 1970).

In this case, the Court accepts Defendant's representation–which Plaintiff does not dispute– that the amount of past-due benefits from which an award of attorney fees may be properly made is currently $60,802.00. Agency records submitted by Plaintiff's counsel indicate

---

[1] In *Gisbrecht*, the Supreme court noted:

Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved. If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court. If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order. In this regard, the court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases.

*Id.* at 807-08, 122 S.Ct. at 1828, 152 L.Ed.2d 996 (internal citations and footnotes omitted).

the Agency withheld 25% of that amount, or $15,200.50, to pay any court approved attorney fees. Further the Agency has approved an award to counsel for $6,000.00 in attorney fees for counsel's work before the Agency.[2] Accordingly, this Court may award counsel no more than $9,200.50. An award of $9,200.50 would result in an effective rate of $227.74 per hour for the 40.4 attorney hours this Court found were reasonably expended by prior Order [30].

The Court finds that a $9,200.50 fee award is not unreasonable for this case. Indeed, several factors weigh in favor of a finding that the fee is reasonable. First, counsel has presented a contingent-fee agreement signed by Plaintiff, wherein Plaintiff acknowledges that her attorney will seek payment of attorney fees from any past-due benefits awarded for representing her in federal court. Second, counsel successfully argued this case before this Court and on remand before the Agency. Third, the Fifth Circuit and district courts in this circuit have acknowledged the high risk of loss inherent in Social Security appeals[3]. Fourth, Plaintiff's counsel has demonstrated she is an experienced Social Security attorney, and there are no indications of delay on the part of counsel. Fifth, the § 406(a) and (b) fees together will not consume more than 25 percent of Plaintiff's past-due benefits. Finally, the award would constitute only slightly more than 15 percent of Plaintiff's past-due benefits, which were substantial.

**THEREFORE, IT IS ORDERED** that Plaintiff's motion for attorney's fees is granted, and Plaintiff's counsel is hereby awarded $9,200.50, which is to be paid from the past-due benefits withheld by the Agency.

---

[2]Pursuant to 42 U.S.C. § 406(a)(2), if the ruling favors the claimant, the SSA generally will approve a contingent-fee agreement between the claimant and her counsel subject to the limitation that fees may not exceed 25 percent of past-due benefits or $6,000.00, whichever is less. 42 U.S.C. § 406(a)(2)(A)(ii), (iii); 74 Fed.Reg. 6080 (Feb. 4, 2009).

[3]*See Jeter v. Astrue*, 622 F.3d 371, 379 & n. 9 (5th Cir. 2010).

**IT IS FURTHER ORDERED** that Plaintiff's counsel, upon receipt of this award, shall refund to Plaintiff the EAJA fees previously awarded in this case in the amount of $7,661.00.

This, the 24th day of October, 2016.

/s/ Jane M. Virden
U.S. MAGISTRATE JUDGE